UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-23777-BLOOM/Louis

NEW YORK MARINE AND GENERAL
INSURANCE COMPANY,

      Plaintiff,

v.

BOSS INTERIOR CONTRACTORS, INC.,

      Defendant.
_____/

## ORDER ON MOTION TO STRIKE DEFENDANT'S JURY DEMAND

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Strike Defendant's Jury Demand, ECF No. [17] ("Motion") filed on January 29, 2021. In the Motion, Plaintiff asserts that the jury demand included in Defendant's counterclaim is improper, and requests that the Court strike it. Upon review, the Motion is due to be denied as moot because the counterclaim is contained within a pleading that is no longer an operative pleading.

Pursuant to Federal Rule of Civil Procedure 13, which governs counterclaims:

A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim:
    (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
    (B) does not require adding another party over whom the court cannot acquire jurisdiction.

    . . .

A pleading may state as a counterclaim against an opposing party any claim that is not compulsory.

Fed. R. Civ. P. 13(a)(1), (b). Rule 13 thus provides that counterclaims, whether compulsory or permissive, be raised in a pleading. *See ITL Int'l, Inc. v. Walton & Post, Inc.*, No. 10-cv-22096, 2011 WL 13055064, at *1 (S.D. Fla. June 6, 2011).

Federal Rule of Civil Procedure 7(a) specifically permits the following pleadings: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer. *See* Fed. R. Civ. P. 7(a); *see also Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1336 (11th Cir. 2014). "Rule 7 explicitly excludes everything else from its definition of pleadings." *Harris v. Haynes Furniture Co.*, No. 1:17-cv-03284-WSD-CMS, 2018 WL 3699029, at *2 (N.D. Ga. Apr. 25, 2018) (quoting *Burns v. Lawther*, 53 F.3d 1237, 1241 (11th Cir. 1995)).

Notably absent from Rule 7(a)'s list of recognized pleadings, however, is a counterclaim. Indeed, it is well-recognized in this Circuit that a counterclaim cannot be independently asserted, but rather must be raised within a Rule 7(a) pleading. *See Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1259 n.14 (11th Cir. 2003) ("Ordinarily, a party must assert a counterclaim in its pleadings."), *aff'd*, *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005).[1] It is also

---

[1] *See also Cieutat v. HPCSP Invs., LLC*, No. CV 20-0012-WS-B, 2020 WL 4004806, at *2 n.1 (S.D. Ala. July 15, 2020) ("A counterclaim is not itself a pleading, which is a term limited to complaints, answers, and (when so ordered) replies. A counterclaim is instead a component of an answer."); *Arch Specialty Ins. Co. v. BP Inv. Partners, LLC*, No. 6:18-cv-1149-Orl-78DCI, 2020 WL 5534280, at *3 (M.D. Fla. Apr. 1, 2020) (recognizing that "a party cannot file a counterclaim independent of a pleading"); *Erdman v. Falkner*, No. 1:18-cv-414-TFM-C, 2019 WL 2250276, at *2 n.6 (S.D. Ala. May 24, 2019) (same); *Bibb Cty. Sch. Dist. v. Dallemand*, No. 5:16-cv-549 (MTT), 2019 WL 1519299, at *3 (M.D. Ga. Apr. 8, 2019) ("Rule 13 provides that a counterclaim, whether compulsory or permissive, must be raised in 'a pleading' by a 'pleader.' A counterclaim is not one of the pleadings recognized under Rule 7(a); therefore, if a defendant seeks to assert a counterclaim, it must do so in its answer."); *Reams v. GK Rest., LLC*, No. 3:13-cv-1446-J-39JBT, 2015 WL 13735449, at *2 (M.D. Fla. July 21, 2015) ("A counterclaim is part of a responsive pleading."); *ITL Int'l, Inc.*, 2011 WL 13055064, at *1 ("Because a counterclaim is not itself a pleading, to state a counterclaim consistently with Rule 7(a) and Rule 13, a party must file the counterclaim *as part of* a recognized pleading, *i.e.*, an answer." (emphasis in original) (quoting *Allied Med. Assoc. v. State Farm*

well established that, "[a]n amended complaint, once filed, normally supersedes the antecedent complaint." *Russell-Brown*, 2012 WL 1571393, at *3 (quoting *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008)); *see also Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint."); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) ("[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case.").

Here, Defendant filed an Answer, Affirmative Defenses, and Counterclaim, ECF No. [10] ("Answer"), on December 27, 2020. Thereafter, Plaintiff filed its First Amended Complaint on January 14, 2021, ECF No. [14], which has superseded the initial complaint, and which will require a response from Defendant.[2] Accordingly, the Answer, which contains Defendant's counterclaim (and jury demand), is no longer an operative pleading.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [17]**, is **DENIED AS MOOT**.

---

*Mut. Auto. Ins. Co.*, No. 08-2434, 2009 WL 839063, at *2 & n.4 (E.D. Pa. Mar. 26, 2009)) (collecting cases).

[2] In fact, Defendant has not yet filed a response to the First Amended Complaint. Because an amended pleading supersedes the original pleading, where a defendant fails to reallege its previously asserted counterclaim in its amended pleading, the counterclaim is deemed to have been abandoned. *See Bahama Bay II Condo. Ass'n, Inc. v. United Nat'l Ins. Co.*, 374 F. Supp. 3d 1274, 1278 (M.D. Fla. 2019); *see also T.U. Parks Constr. Co. v. Happy Valley Stables, Inc.*, No. 4:16-cv-0097-HLM, 2017 WL 4866265, at *5 (N.D. Ga. Sept. 14, 2017) (concluding that defendant abandoned its counterclaim where it omitted the counterclaim from its amended answer); *Reams*, 2015 WL 13735449, at *2 (holding that, upon filing an amended pleading, the counterclaims raised in the superseded pleading are no longer operative). Similarly, this District's Local Rules explicitly mandate that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a successful motion to amend, *must . . . reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference*." S.D. Fla. L.R. 15.1 (emphasis added). Thus, Local Rule 15.1 provides additional support for the requirement that a litigant reassert any counterclaim in its amended pleading.

Case No. 20-cv-23777-BLOOM/Louis

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 29, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record