UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-23777-BLOOM/Louis

NEW YORK MARINE AND GENERAL
INSURANCE COMPANY,

      Plaintiff,

v.

BOSS INTERIOR CONTRACTORS, INC.,

      Defendant.
_____/

## ORDER ON MOTION TO STRIKE JURY DEMAND

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Strike Defendant's Demand for Jury Trial, ECF No. [21] ("Motion"), filed on February 10, 2021. Defendant filed a response, ECF No. [27] ("Response"), to which Plaintiff filed a reply, ECF No. [34] ("Reply"). The Court has considered the Motion, all supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Plaintiff's Motion is granted.

**I.    BACKGROUND**

In April 2020, Defendant, Boss Interior Contractors, Inc., submitted a renewal for first-party marine insurance coverage to Plaintiff, New York Marine and General Insurance Company, to insure its barge under Policy No. ML202000002026 ("Policy"). ECF No. [14] at ¶¶ 5, 9. The Policy affords $100,000.00 in first-party property damage coverage for the barge from May 21, 2020 to May 21, 2021. *Id.* at ¶ 9. On June 23, 2020, the barge sank in Key Largo, Florida. *Id.* at ¶ 10. After investigation into the facts and circumstances surrounding the incident, Plaintiff alleges that the sinking of the barge was a result of the condition of the barge and lack of due diligence by

Defendant to keep the barge seaworthy. *Id.* at ¶¶ 11, 22. Further, Plaintiff alleges that its full investigation made clear that Defendant made misrepresentations and/or failed to disclose material facts regarding the condition of the barge, the impossibility of access to the interior of the barge, and the purchase price of the barge. *Id.* at ¶¶ 13-15. As a result, Plaintiff filed its Amended Complaint seeking a declaratory judgment, in pertinent part, declaring that the Policy provides no coverage.

In the Answer, Defendant asserts a counterclaim for breach of contract, which includes a demand for a trial by jury. *See* ECF No. [20]. In the Motion, Plaintiff requests that the Court strike Defendant's jury trial demand.[1]

## II.     LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," granting courts broad discretion in making this determination. Fed. R. Civ. P. 12(f); *see also Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318-19 (S.D. Fla. 2005); *Williams v. Eckerd Family Youth Alt.*, 908 F. Supp. 908, 910 (M.D. Fla. 1995). Under Rule 12(f), "[a] motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Harty v. SRA/Palm Trails Plaza, LLC*, 755 F. Supp. 2d 1215, 1218 (S.D. Fla. 2010) (internal quotation and citation omitted); *see also BB In Tech. Co. v. JAF, LLC*, 242 F.R.D. 632, 641 (S.D. Fla. 2007) (same); *Home Mgmt. Sols., Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *1 (S.D. Fla. Aug. 21, 2007) (same); *Action Nissan, Inc. v. Hyundai Motor Am.*, 617 F. Supp. 2d 1177, 1187 (M.D. Fla. 2008) (same). Courts have broad discretion in

---

[1] Plaintiff also requests attorney's fees for Defendant's bad faith refusal to recognize no basis for its opposition to removing the jury trial demand. *See* ECF No. [21] at 5. However, Plaintiff has since withdrawn its request for fees. *See* ECF No. [28].

considering a motion to strike under Federal Rule of Civil Procedure 12(f). *See*, *e.g.*, *Sakolsky v. Rubin Mem'l Chapel, LLC*, 2007 WL 3197530, at *2 (S.D. Fla. Oct. 26, 2007). Irrespective of the Court's broad discretion, this ability to strike is considered to be drastic and is often disfavored. *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, Fla., 306 F.2d 862, 868 (5th Cir. 1962)); *Fabing v. Lakeland Reg'l Med. Ctr., Inc.*, 2013 WL 593842, at *2 n.2 (M.D. Fla. February 15, 2013) (calling Rule 12(f) a "draconian sanction").[2]

### III. DISCUSSION[3]

Plaintiff argues that Defendant's demand for a jury trial is improper. Plaintiff contends that under federal admiralty law, when a plaintiff marine insurer files a declaratory judgment action premised on admiralty jurisdiction and demands a bench trial, its election cannot be undone by a defendant's counterclaim invoking a different jurisdictional basis. Defendant responds that its jury demand is proper under the savings to suitors provision in 28 U.S.C. § 1333. Defendant argues further that Plaintiff's claims for declaratory relief are substantially different from Defendant's breach of contract claim, which it asserts pursuant to this Court's diversity jurisdiction.

Plaintiff relies upon *St. Paul Fire and Marine Insurance Company v. Lago Canyon*, 561 F.3d 1181 (11th Cir. 2009), as controlling because the circumstances in *St. Paul* are analogous to the facts here. In response, Defendant argues that the same statute that grants federal courts admiralty and maritime jurisdiction, 28 U.S.C. § 1333, also "saves to suitors" all other remedies

---

[2] The Federal Rules of Civil Procedure apply to admiralty or maritime claims with respect to certain enumerated remedies, "except to the extent that they are inconsistent with [the] Supplemental Rules." Supplemental Rule A(2).

[3] In response to Plaintiff's Motion, Defendant raises several arguments regarding the propriety of the Amended Complaint and Plaintiff's efforts to effectuate service upon Defendant. *See* ECF No. [27] at 1-3. Because these arguments are not properly raised, the Court does not consider them here.

to which such suitors are otherwise entitled, relying on *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438 (2001). However, *Lewis*, is inapposite because *Lewis* involved a Jones Act claim for personal injury and a vessels owner's right to seek limitation of liability. 531 U.S. at 440. Those are not the facts in the instant case. As Defendant acknowledges, the United States Court of Appeals for the Fourth Circuit and the United States Court of Appeals for the Ninth Circuit have ruled differently from the Eleventh Circuit regarding a party's right to a jury trial in an admiralty case invoking Rule 9(h). Due to a split in authority, Defendant asserts that there is a good faith basis for a clarification or change in the law. Upon review, however, while there may be an inter-circuit split on the issue, the Court agrees with Plaintiff that the rule in the Eleventh Circuit is clear.

The Court must follow the precedent established by the Eleventh Circuit in *St. Paul*. In *St. Paul*, the plaintiff was also an insurance company alleging that the terms of the applicable marine insurance policy provided no coverage for the loss at issue. 561 F.3d at 1183. The insurer in *St. Paul* filed a declaratory judgment action based on the court's admiralty jurisdiction under 28 U.S.C. § 1333(1) and invoking Rule 9(h) of the Federal Rules of Civil Procedure.[4] *Id.* at 1184. The Eleventh Circuit ultimately recognized that where there are two grounds for jurisdiction in a case, such as admiralty and diversity jurisdiction, Rule 9(h) provides that the plaintiff may elect to proceed in admiralty, and that such an election precludes a defendant from exercising the right to a trial by jury. *Id.* at 1187-89. Here, Plaintiff is seeking a declaratory judgment that there is no coverage under the applicable policy, invoking the Court's admiralty jurisdiction and Rule 9(h). *See* ECF No. [14] at ¶ 2.

---

[4] "If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated." Fed. R. Civ. P. 9(h)(1).

Nevertheless, Defendant attempts to distinguish *St. Paul*, arguing that Plaintiff's causes of action involve alleged pre-contract misrepresentations and are therefore completely different from Defendant's breach of contract action. As such, Defendant has secured its right to jury trial under the Seventh Amendment of the Constitution and the Florida Constitution. The Court is not persuaded and finds the circumstances before the Eleventh Circuit in *St. Paul* similar to the case here. In *St. Paul*, the defendant asserted a breach of contract with respect to the applicable insurance policy against the insurer based upon diversity jurisdiction. *St. Paul*, 561 F.3d at 1185. In determining that the district court had properly stricken the defendant's jury demand, the Eleventh Circuit noted that the defendant's counterclaim was "the flip side of St. Paul's own claim. Lago Canyon asserts its loss is covered by the Marine Policy, and St. Paul asserts no coverage." *Id*. The same is true in this case. Defendant asserts that the loss is covered by the Policy, and Plaintiff asserts no coverage under the Policy. As such, as in *St. Paul*, Defendant's counterclaim is the "flip side" of Plaintiff's claim. Under these circumstances, the Eleventh Circuit explained that when a counterclaim arises out of the same operative facts and same marine policy at issue in a plaintiff's claim, the Rule 9(h) designation made by the plaintiff will trump the jury trial right asserted by a defendant in its counterclaim. *Id.* at 1185, 1189. Thus, as in *St. Paul*, Defendant is precluded from demanding a jury trial on its breach of contract counterclaim. *Id.* at 1189 (citing *Harrison v. Flota Mercante Grancolombiana, S.A.*, 577 F.2d 968 (5th Cir. 1978)).

Defendant suggests nevertheless that it should not lose its right to a jury trial because Plaintiff "raced to the courthouse." However, Defendant has cited no authority to support such an assertion, especially in light of the Eleventh Circuit's holding in *St. Paul*. *See Melford v. Kahane & Assocs.*, 371 F. Supp. 3d 1116, 1126 n.4 (S.D. Fla. 2019) ("Generally, a litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack

of supporting authority or in the face of contrary authority, forfeits the point. The court will not do his research for him.") (internal quotations and citation omitted). Nor has Defendant provided any evidence that Plaintiff in fact "raced to the courthouse," where the loss in this case occurred on June 23, 2020, and this case was filed on September 11, 2020. Therefore, Defendant's argument is not well-taken.

Finally, Defendant requests that in the event the Court strikes the jury demand, the Court allow its claim for breach of contract to be tried to an advisory jury pursuant to Rule 39 of the Federal Rules of Civil Procedure. The Rule provides that where "an action is not triable of right by a jury, the court, on motion or on its own my try an issue with an advisory jury." Fed. R. Civ. P. 39(c)(1). Where an advisory jury is empaneled, it exists merely to assist the judge, who is not bound to accept the advisory jury's findings. *See Sheila's Shine Prod., Inc. v. Sheila Shine, Inc.*, 486 F.2d 114, 122 (5th Cir. 1973); *see also Reed v. Riddle Airlines*, 266 F.2d 314, 319 (5th Cir. 1959).[5] Moreover, because an advisory jury is a function of assistance and not of right, a Court's decision on the issue is discretionary. *Sheila's Shine Prods., Inc.*, 486 F.2d at 122.

Notably, Defendant offers no case-specific facts or substantive argument as to why the Court should exercise its discretion to empanel an advisory jury in this case beyond its cursory assertion that "[f]ederal courts, and particularly courts in this district, regularly try cases to an advisory jury where entitlement to a jury does not exist as a matter of right." ECF No. [27] at 11. However, the cases cited by Defendant did not involve admiralty claims, nor does the Court find them to be particularly persuasive in this instance. In addition, there are no unique or compelling circumstances that would call for the assistance of an advisory jury in the trial of this case. Indeed,

---

[5] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

were an advisory jury to be empaneled, the interests of judicial economy would be burdened as a result of the time and expense involved in selecting an advisory jury, drafting jury instructions, and instructing the advisory jury. As such, the balance of interests weighs against the use of an advisory jury, and Defendant's request is denied.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [21]**, is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 16, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record